**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE R. JOHNSTONE, on behalf of
himself and all others similarly
situated,
<u>Movant-Appellant,</u>

and

LUCIAN B. COX, III, on his behalf
and on behalf of all others similarly
situated; JOSEPH DANIEL JOHNSON;
CERES VANDIVER; DOUGLAS A.
CHURDAR, on behalf of themselves
and all others similarly situated,
<u>Plaintiffs,</u>

v.

ERNST & YOUNG,                                                  No. 96-2219

<u>Defendant & Third Party Plaintiff-
Appellee,</u>

and

ROSS COSMETICS DISTRIBUTION
CENTERS, INCORPORATED; EUGENE D.
DERRY; ROGER M. ROSENBERG;
BARRY A. BLOOMFIELD; SHASHIKANT
S. SHETH; MICHAEL E. EMERY; JOHN
M. WATERS; ROSS FREITAS;
MAHENDRA SHETH; KIRIT SHETH;
JAMNADAS SHETH; VIRENDRA SHETH;
JAYESH SHETH; S & J PERFUME
COMPANY; STARION INTERNATIONAL
LIMITED; EUGENE H. KARAM,
<u>Defendants,</u>

v.

TRISTAR CORPORATION, a/k/a Starion
International Limited, a/k/a S&J
Perfume Company, a/k/a Jayesh
Sheth, a/k/a Virenda Sheth, a/k/a
Kirit Sheth, a/k/a Mahendra Sheth,
a/k/a John M. Waters, a/k/a
Jamandas Sheth, a/k/a Barry A.
Bloomfield, a/k/a Roger M.
Rosenberg, a/k/a Eugene H. Karam,
a/k/a Michael E. Emery, a/k/a
Eugene D. Derry, a/k/a Ross
Freitas, a/k/a Ross Cosmetics
Distribution Centers, Incorporated,
Third Party Defendant,

PEARL LEVY,
Claimant.

2

JOSEPH DANIEL JOHNSON; CERES
VANDIVER; DOUGLAS A. CHURDAR, on
behalf of themselves and all others
similarly situated,
Plaintiffs-Appellants,

and

LUCIAN B. COX, III, on his behalf
and on behalf of all others similarly
situated;
Plaintiff,

v.

ERNST & YOUNG,
Defendant & Third Party Plaintiff-
Appellee,

No. 96-2220

and

ROSS COSMETICS DISTRIBUTION
CENTERS, INCORPORATED; EUGENE D.
DERRY; ROGER M. ROSENBERG;
BARRY A. BLOOMFIELD; SHASHIKANT
S. SHETH; MICHAEL E. EMERY; JOHN
M. WATERS; ROSS FREITAS;
MAHENDRA SHETH; KIRIT SHETH;
JAMNADAS SHETH; VIRENDRA SHETH;
JAYESH SHETH; S & J PERFUME
COMPANY; STARION INTERNATIONAL
LIMITED; EUGENE H. KARAM,
Defendants,

v.

3

BRUCE R. JOHNSTONE, on behalf of
himself and all others similarly
situated,
Movant,

TRISTAR CORPORATION, a/k/a Starion
International Limited, a/k/a S&J
Perfume Company, a/k/a Jayesh
Sheth, a/k/a Virenda Sheth, a/k/a
Kirit Sheth, a/k/a Mahendra Sheth,
a/k/a John M. Waters, a/k/a
Jamandas Sheth, a/k/a Barry A.
Bloomfield, a/k/a Roger M.
Rosenberg, a/k/a Eugene H. Karam,
a/k/a Michael E. Emery, a/k/a
Eugene D. Derry, a/k/a Ross
Freitas, a/k/a Ross Cosmetics
Distribution Centers, Incorporated,
Third Party Defendants,

PEARL LEVY,
Claimant.

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
G. Ross Anderson, District Judge.
(CA-92-1706-3,
CA-93-1405-7-3)

Argued: May 6, 1997

Decided: June 16, 1997

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

4

**COUNSEL**

**ARGUED:** Stephen T. Gannon, LECLAIR RYAN, Richmond, Virginia, for Appellants. Thomas Lee Riesenberg, Associate General Counsel, ERNST & YOUNG, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Stanley K. Joynes, III, LECLAIR RYAN, Richmond, Virginia; Steven J. Toll, Daniel S. Sommers, COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C., Washington, D.C.; Robin F. Zwerling, Hillary Sobel, ZWERLING, SCHACHTER, ZWERLING & KOPPELL, L.L.P., New York, New York; Robert P. Frutkin, SAVETT, FRUTKIN, PODELL & RYAN, P.C., Philadelphia, Pennsylvania; James W. Johnson, Goodkind Labaton, RUDOFF & SUCHAROW, L.L.P., New York, New York; Alfred G. Yates, Jr., ALFRED G. YATES, JR. & ASSOCIATES, Pittsburgh, Pennsylvania, for Appellants. Kathryn A. Oberly, General Counsel, ERNST & YOUNG, L.L.P., Washington, D.C.; Michael J. Crane, Assistant General Counsel, ERNST & YOUNG, L.L.P., New York, New York; Ellis M. Johnston, II, Jesse C. Belcher, HAYNSWORTH, MARION, MCKAY & GUERARD, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bruce R. Johnstone and the members of a decertified class appeal from the decertification order entered by the district court on July 25, 1996. The district court concluded that the class should be decertified because of the inadequacy of both class counsel and the class representatives. In particular, the district court objected to class counsel's 26-month-long failure to provide notice to the class members, to class counsel's failure to adequately investigate and satisfy claims made by class members in a parallel proceeding, and to the class representatives' failure to attend depositions despite repeated notice. Johnstone also appeals from the district court's denial of his motion to intervene.

The underlying facts may be briefly stated. Ross Cosmetics was a Delaware corporation, traded on the NASDAQ, with its principal office in South Carolina. On June 12, 1992, Ross Cosmetics disclosed the majority ownership interest of two families, both named "Sheth," from Dubai, United Arab Emirates. The Sheth families also had a significant interest in a principal supplier of Ross Cosmetics, S & J Perfume Co. of London. After disclosure of the Sheth families' interests, the stock price of Ross Cosmetics fell in heavy trading from $14.50 per share to $5 per share. Afterwards, the board of directors of Ross Cosmetics appointed a Special Committee to investigate the non-disclosure. The Special Committee reported that Ross Cosmetics was "a legitimate business operation," and that nondisclosure of the Sheth ownership interests was "remarkable in its apparent senselessness." As a result of the report, Ross Cosmetics regained some ground, and its shares reached the $11 to $12 per share range. Nevertheless, in September 1995, the Securities and Exchange Commission brought enforcement proceedings, and most of the wrongdoers consented to the charges.

Two primary civil class actions resulted. One, against Ross Cosmetics, was a consolidation of thirteen virtually identical class action lawsuits filed almost immediately after disclosure of the Sheth families' interests. This consolidated class action was settled in September, 1993, for $9.5 million. During the pendency of the class action against Ross Cosmetics, however, the same group of law firms involved in the litigation against Ross Cosmetics filed a separate lawsuit against Ernst & Young, alleging that Ernst & Young had fraudulently and negligently misrepresented Ross Cosmetics' financial statements in a 1991 opinion letter. The district court certified the lawsuit against Ernst & Young, at issue here, as a class action on April 24, 1994.

As the case against Ernst & Young unfolded, the district court became increasingly dissatisfied with the performance of class counsel. The district judge was particularly troubled to learn that on June 20, 1996, twenty-six months after the class had been certified and after the case finally had been docketed for trial, class counsel still had not made provision for notice to the class members. The district court also made clear its concern that class counsel had not diligently disbursed the settlement proceeds in the related litigation against Ross

6

Cosmetics. Accordingly, the district court decertified the class on July 25, 1996. Afterwards, the representative plaintiffs settled their individual claims with Ernst & Young. Because there was no longer a class and no longer any individual class representatives, the district court dismissed the action against Ernst & Young on August 5, 1996.

Our scope of review is narrow. When the district court refuses to certify, or decertifies based on a determination of inadequate representation, that decision is "within the discretion of the district court and will be reversed only upon a showing of abuse of that discretion." Boley v. Brown, 10 F.3d 218, 223 (4th Cir. 1993). We have also explained that "[t]his Court, in reviewing the class certification decisions of district courts under Rule 23, has generally accorded great deference to the district court's determinations." Simmons v. Poe, 47 F.3d 1370, 1380 (4th Cir. 1995). We have alternatively phrased the test as allowing reversal "only if we are convinced that the court was `clearly wrong'" in the certification ruling. Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177, 185 (4th Cir. 1993) (quoting Windham v. American Brands, Inc., 565 F.2d 59, 65 (4th Cir. 1977) (en banc)). We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our review persuades us that the district court did not abuse its discretion in decertifying the class based on the inadequacy of class counsel. We also conclude that the district court did not abuse its discretion in denying Johnstone's motion to intervene in the action. See Hazardous Waste Treatment Council v. South Carolina (In re Sierra Club), 945 F.2d 776, 779 (4th Cir. 1991) (district court's intervention decision is reviewed under an abuse of discretion standard). Accordingly, we affirm on the reasoning set forth in the district court's opinions. Johnson v. Ernst & Young (In re Ross Cosmetics Security Litigation), C/A No. 7:93-1405-3 (D.S.C. July 25, 1996) (order decertifying class); Johnson v. Ernst & Young (In re Ross Cosmetics Security Litigation), C/A No. 7:93-1405-3 (D.S.C. Aug. 6, 1996) (order denying Johnstone's motion to intervene).

AFFIRMED

7